UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09-CV-23 (CEJ) |
| MARSHALL CONTRACTING, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' amended motion for default judgment against defendant Marshall Contracting, LLC, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are five employee benefit plans (the Pension, Welfare, Vacation, Annuity and Training funds), their trustees (collectively, the plans), and Local 513, International Union of Operating Engineers, AFL-CIO (the Union). Defendant Marshall Contracting, LLC, is an employer in an industry affecting commerce within the meaning of ERISA and the LMRA. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. In their amended motion, plaintiffs seek $21,619.60 in delinquent contributions, $4,323.92 in liquidated damages, and $1,364.84 in interest. Plaintiffs additionally seek $1,920.00 in attorney's fees and $350.00 in court costs.

The summons and a copy of the complaint were served on defendant on January 15, 2009. Defendant did not file an answer or other responsive pleading and, on February 10, 2009, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On July 27, 2006, defendant signed an agreement to be bound by the terms of a collective bargaining agreement between Local 513 and the Associated General Contractors (the AGC Agreement). [Doc. #1-2]. The AGC Agreement remained in effect through April 30, 2009. See § 19.01 [Doc. #12-3 at 40]. The collective bargaining agreement required defendant to make contributions to the funds for each hour worked by employees covered by the agreements. Id. § 16.01 [Doc. #12-3 at 31]. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, court costs, and attorney's fees. Id. § 16.09 [Doc. #12-3 at 33].

Plaintiffs submit the affidavit of Peggy Schroeder, who conducted an audit of defendant's records. According to Ms. Schroeder, defendant is liable for contributions and liquidated damages for the period of August 2006 through December 2008. She has supplied a document setting forth, for each month, the contributions due to the separate funds[1] and the liquidated damages due on the unpaid contributions. Plaintiffs' evidence establishes that, for the period of August 2006 through October 2008,

---

[1]Included in Ms. Schroeder's calculations are amounts due for supplemental dues. The AGC Agreement provides that the Union may "implement a supplemental dues plan in connection with the vacation plan," § 18.04 [Doc. #12-3 at 40], and these amounts will be included in the judgment.

defendant Marshall Contracting, LLC, is liable to the funds for $21,619.60 in unpaid contributions and supplemental dues and $4,323.92 in liquidated damages, for a total of $25,943.52. The interest due on the unpaid contributions totals $1,364.84.

Plaintiffs also submit the affidavit of attorney James R. Kimmey. Mr. Kimmey attests that his firm billed plaintiffs for his services at the hourly rate of $200.00. Attached to Mr. Kimmey's affidavit is a billing record for work performed in connection with this case. The Court has reviewed the record and finds that the hours expended (9.60) and the hourly rate ($200.00) are reasonable. Plaintiffs have established that they have incurred attorney's fees in the amount of $1,920.00 and costs in the amount of $350.00, for a total of $2,270.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion for default judgment against defendant Marshall Contracting, LLC [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment [Doc. #7] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2009.